UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD BOUCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-187-B-W |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON MOTION FOR SUMMARY JUDGMENT**

Richard Bouchard seeks to collaterally estop the United States from litigating the issue of its liability to him in damages arising from a January 19, 2003, automobile accident. In a prior action against the United States that was commenced by Bouchard's son, who was an occupant in the vehicle operated by Richard Bouchard, I found at the conclusion of a bench trial that Senior Border Patrol Agent Dennis Harmon was negligent in the operation of his border patrol vehicle because he was operating at excessive speed under poor travel conditions and I determined that Agent Harmon's negligence proximately caused the border patrol vehicle to collide with the Bouchard vehicle. See Levesque v. United States, 366 F. Supp. 2d 89 (D. Me. 2005). As part of my findings, I concluded that "Bouchard did not have time to take any evasive action." Id. at 91. Although the issue of Bouchard's comparative negligence was not a proper subject of the earlier litigation, the United States had every opportunity to examine Bouchard with respect to his operation of his vehicle and did so at the trial. Because of the state of the record in this case, I recommend that the Court grant the motion in part, by ruling as a matter of law that Agent Harmon's negligence was a proximate cause of the accident. To the extent the motion can also

be read as seeking summary judgment on the affirmative defense of comparative negligence and the counterclaim for contribution, I recommend the court deny the motion at this time, without prejudice to plaintiff's right to resubmit a motion for summary judgment on those issues.

**Facts**

The following statement of facts is drawn from the parties' District of Maine Local Rule 56 statements of material fact in accordance with this District's summary judgment practice. See Doe v. Solvay Pharms., Inc., 350 F. Supp. 2d 257, 259-60 (D. Me. 2004) (outlining the procedure). Pursuant to Rule 56 of the Federal Rules of Civil Procedure, all evidentiary disputes appropriately generated by the parties' statements have been resolved, for purposes of summary judgment only, in favor of the non-movant. Merchs. Ins. Co. of N.H. v. United States Fid. & Guar. Co., 143 F.3d 5, 7 (1st Cir. 1998).

The Government admits that the issue of Officer Harmon's negligence was fully litigated in Levesque. (Pl.'s SMF ¶ 1; Resp. SMF ¶ 1.) Prior to the Levesque trial, the Government deposed Richard Bouchard and questioned him concerning the accident. (Pl.'s SMF ¶ 2.) The Government similarly questioned Bouchard at trial concerning the circumstances of the accident. (Id. ¶ 3.) The Government also presented the testimony of Officer Harmon who disputed fault for the collision. (Id. ¶ 4.) Notably, the Government did not seek to place blame for the accident on Bouchard. Instead, the Government sought to make a case for application of the "emergency doctrine," in order to avoid a finding that Agent Harmon was negligent. (Id. ¶ 5.) At the time of the Levesque trial, the Government was aware that Richard Bouchard was asserting a claim arising out of the same accident, and had filed an administrative demand for more than $3 million. (Id. ¶ 7.)

After a full trial, the Court issued its Memorandum of Decision containing detailed findings of fact and conclusions of law with respect to Officer Harmon's negligence. (Id. ¶ 8.) In particular, the Court found Agent Harmon negligent for driving too fast under the prevailing conditions, and that such negligence was the proximate cause of the collision with Bouchard's car. (Id.) The Court rejected the government's "emergency" defense, ruling that the emergency doctrine did not apply because Agent Harmon was aware of the dangerous weather conditions and had sufficient opportunity to exercise appropriate caution. (Id. ¶ 9.)

Richard Bouchard's injuries resulted from the very same collision. (Id. ¶ 11.) However, the Government asserts that Bouchard's injuries may also have resulted from his own negligence, citing its counsel's declaration. (Resp. SMF ¶¶ 11, 14, 17.) The Government did not contend during the Levesque trial that Bouchard's driving on the day in question played a causal role in the accident. The Government now asserts that it needs to conduct discovery in order to build a case for comparative negligence. (Id. ¶¶ 11, 15-18.) It does not articulate the discovery it has in mind. It does assert the following facts: that the passenger-side seatbelt in Bouchard's car failed in the accident (SAMF ¶ 4), that Bouchard's car was unregistered, uninsured and uninspected (id. ¶ 5), that its tires may have been bald (id. ¶ 6), that Bouchard has a history of motor vehicle violations that occurred in the 1990s (Id. ¶¶ 7-9), and that there is "evidence to suggest" that Bouchard may have had significant mental health issues months prior to the accident (id. ¶ 10). Bouchard, of course, objects to all of these statements on the ground that they are irrelevant to the comparative fault issue. (Reply SAMF ¶¶ 4-10.)

## Discussion

Bouchard argues that the Levesque litigation collaterally estops the Government from relitigating Agent Harmon's negligence because the Government had every incentive and

opportunity to litigate the issue in Levesque, the forum, applicable law, and applicable procedure are all the same as they were in Levesque, and the facts and witnesses are also identical. (Mot. Summ. J. at 4.) Bouchard also contends that collateral estoppel is appropriate because the Government could foresee its application at the time of the Levesque trial. (Id. at 5.) Finally, Bouchard asserts that he was not "lying in ambush" at the time, because his medical status was still unresolved then. (Id.) In response, the Government asserts that it has no intention of relitigating the issue of whether Agent Harmon's driving was *a* proximate cause of the accident. (Gov't Resp. at 1.) Instead, it argues, it would litigate only the comparative negligence of Bouchard and Agent Harmon and the extent of Bouchard's responsibility for the injuries sustained by his son. (Id. at 1-2.)[1]

The use of "offensive, nonmutual collateral estoppel" is permitted "on a case by case basis if it serves the ends of justice." State Mut. Ins. Co. v. Bragg, 589 A.2d 35, 37 (Me. 1991). One prerequisite is that "the identical issue necessarily was determined by a prior final judgment." Id. I agree with the Government that the issue of Bouchard's comparative fault was not litigated in Levesque and was not a necessary topic for litigation or for disposition in the Levesque case and that, under the circumstances, it would not be appropriate to condone offensive application of the collateral estoppel doctrine in favor of Bouchard as to the affirmative defense of comparative negligence. Nor were the issues raised by the Government's

---

[1] Bouchard never mentions what role, if any, the counterclaim for contribution plays in the context of his motion for partial summary judgment, although he acknowledges the existence of the counterclaim in a footnote in his reply memorandum. (Reply Mem. at 4 n.2) Certainly the Maine Law Court has acknowledged that a joint tortfeasor may bring a later action for contribution against a new defendant not named by the original complaining plaintiff. See Thermos Co. v. Spence, 1999 ME 129, 735 A.2d 484. The contribution-claim-defendant is entitled to a new trial on both liability and equitable apportionment issues. Id. Furthermore, the Government's claim for contribution did not even accrue for statute of limitations purposes until it paid the judgment in Levesque. Under Maine Rules of Civil Procedure a joint tortfeasor, such as the Government in this action, is permitted to join a third-party defendant in the initial action but not obligated to do so. See Me. R. Civ. P. 14; St. Paul Ins. Co. v. Hayes, 676 A.2d 510, 511 (Me. 1996). Bouchard does not cite anything in the Federal Rules of Civil Procedure that would compel a different result. The language of Federal Rule of Civil Procedure 14, like the analogous Maine rule, is permissive, not mandatory.

counterclaim for contribution necessarily litigated in the earlier case. Although I found in my memorandum of decision in <u>Levesque</u> that Bouchard had no opportunity to react under the circumstances of the accident, that finding was not necessary to my determination of whether Agent Harmon's negligence was a proximate cause of the accident.

      Nevertheless, I conclude that Bouchard's motion for partial summary judgment should be granted to the extent it requests a finding that Bouchard's negligence was a proximate cause of the accident. The Government does not dispute but that it is collaterally estopped from relitigating that particular issue. That fact does not preclude a hearing on the comparative fault liability as it relates to the affirmative defense and the claim for contribution. Bouchard relegates these concepts to footnotes in his initial memorandum in support of his motion for partial summary judgment.

      The introductory paragraph of Bouchard's motion requests "partial summary judgment as to Officer Harmon's negligence on the grounds that this issue was actually litigated and determined by a valid final judgment in <u>Levesque</u>." (Mot. Summ. J. at 1.) However, the concluding paragraph of the motion requests an "order that the United States is bound by the ruling in <u>Levesque</u> that Officer Harmon's negligence proximately caused the collision with the Bouchard car, *and that the only issue remaining to be decided in this case is the amount of Mr. Bouchard's damages*." (<u>Id.</u> at 6) (emphasis added). Unlike the introductory paragraph, the concluding paragraph adds the assertion that the only remaining issue is the extent of Bouchard's damages. However, nothing in the argument portion of the motion suggests that the question of damages is the only issue remaining. Nor is the motion expressed in terms of seeking summary judgment against the Government's affirmative defense of comparative negligence and its counterclaim for contribution. (Answer, Ninth Affirmative Defense, Docket No. 16.) On the

other hand, Bouchard's statement of material facts asserts that it is undisputed that Bouchard "was driving normally in his own lane of travel at the time of the collision" and "had time only to put his hand up in front of his son in an effort to protect him during the crash." (Pl.'s SMF ¶¶ 18, 20.)

If Bouchard intends to move for summary judgment against the affirmative defense of comparative negligence and the counterclaim for contribution, he must demonstrate an absence of evidence to support the Government's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). I must view the record in the light most favorable to the Government and give it the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004). Once Bouchard makes a preliminary showing that no genuine issue of material fact exists, the Government must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted). See also Fed. R. Civ. P. 56(e). "As to any essential factual element of its claim on which [the Government] would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." In re Spigel, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted). In this case the Government bears the burden of proving Bouchard's negligence was also a proximate cause of this accident and the resulting damages to him and his son. See Nightingale v. Leach, 2004 ME 1277, ¶ 3, 842 A.2d 1277, 1279.

Arguably Bouchard has met his burden regarding the absence of evidence by the references he makes in Paragraphs Eighteen and Twenty of his statement of material facts, but he does not argue those facts except in his footnote. In other words the motion has not been

postured as a traditional Rule 56 motion where the moving party contends that the nonmoving party cannot meet its burden of persuasion at trial because of an absence of evidence. I am reluctant to recommend granting summary judgment based upon an argument Bouchard never actually makes, as he relies instead solely upon the legal doctrine of collateral estoppel. On the other hand, the Government's statement of additional facts does nothing to suggest that it has any evidence which would meet its burden of persuasion on the defense of comparative negligence. While it offers a collection of facts, such as the fact that in 1997 Bouchard's license was suspended for failing to pay a speeding ticket, few of those facts even suggest evidence of a theory that Bouchard's negligence was a contributing cause of this accident.

The Government maintains in its memorandum that it has not conducted discovery and cannot fully respond until it does so. However, the Government does not seek relief pursuant to Federal Rule of Civil Procedure 56(f) and it has not begun to make the kind of showing that would normally justify a continuance of the summary judgment adjudication to allow for additional discovery. The First Circuit explained in Velez v. Awning Windows, Inc.:

> To benefit from the protections of Rule 56(f), a litigant ordinarily must furnish the nisi prius court with a timely statement--if not by affidavit, then in some other authoritative manner--that (i) explains his or her current inability to adduce the facts essential to filing an opposition, (ii) provides a plausible basis for believing that the sought-after facts can be assembled within a reasonable time, and (iii) indicates how those facts would influence the outcome of the pending summary judgment motion. See Vargas-Ruiz [v. Golden Srch Dev., Inc.], 368 F.3d [1,] 4 [(1st Cir. 2004)]; Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir.1988). Such a litigant also must have exercised "due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing an extension of time thereafter." Resolution Trust Corp. v. N. Bridge Assocs., Inc., 22 F.3d 1198, 1203 (1st Cir.1994).

375 F.3d 35, 40 (1st Cir. 2004).

In this case neither the moving party nor the nonmoving party has made a sufficient showing to prevail on this motion. Bouchard wants summary judgment on all issues except

damages based upon a faulty argument that the Government is collaterally estopped from relitigating the comparative negligence affirmative defense.  The Government wants the court to refrain from granting judgment on the affirmative defense based solely upon its plea for more discovery without articulating any factual premise for its assertion that Bouchard's negligence was also a proximate cause of this accident.

I conclude that the court should rule only upon the legal issue squarely raised by this motion without prejudice to Bouchard's right to bring a second motion for partial summary judgment against the counterclaim and the affirmative defense of comparative negligence (or any other affirmative defense enumerated in the answer).  As discovery will be necessary on the damages issues in any event, I see no prejudice to either party in allowing full discovery on the circumstances of the accident.  If the plaintiff comes to believe the Government is engaging in an unwarranted fishing expedition or abusive discovery surrounding the circumstances of the accident, he can file the second motion for partial summary judgment squarely putting the burden on the Government to come forward with admissible evidence.  In any event the Government will not be allowed to relitigate the issue of whether Harmon's negligence was a proximate cause of this accident because the doctrine of collateral estoppel bars it from doing so even though that doctrine has no application to the issue of comparative fault raised by these pleadings.

## Conclusion

Based upon the foregoing, I recommend the Court grant Bouchard's motion in part and enter partial judgment on the complaint, finding that Harmon's negligence was a proximate cause of the accident and resulting damages.  I further recommend that Bouchard be allowed to bring a

subsequent motion for partial summary judgment against the counterclaim and any affirmative defense should he chose to proceed in that fashion in this non-jury case.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 3, 2006.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge