UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| RICHARD BOUCHARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 05-187-B-W |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant | ) | |

**RECOMMENDED DECISION**

Richard Bouchard has moved for partial summary judgment with respect to the affirmative defenses of comparative fault/contributory negligence. Bouchard seeks to limit trial to the issue of damages. The Government has filed a response indicating it has no opposition to the motion. Accordingly, I recommend the court grant the motion for partial summary judgment.

**Statement of Undisputed Facts**

On March 3, 2006, I issued a recommended decision on a motion for summary judgment filed by Bouchard shortly after the issuance of the Court's scheduling order. On March 21, 2006, the Court entered an order affirming the recommended decision. Encompassed in the ruling was the following statement: "To the extent the motion can also be read as seeking summary judgment on the affirmative defense of comparative negligence and counterclaim for contribution, I recommend the court deny the motion at this time, without prejudice to plaintiff's right to submit a motion for summary judgment

on those issues." (Rec. Dec. at 1-2, Docket No. 18.)  At the time, the dispositive motions deadline was still five months away.

Officer Harmon has acknowledged that the collision was caused by his SUV spinning out of control, crossing the center of the road and cutting off Richard Bouchard's car.  The undisputed facts are that Mr. Bouchard was driving in his own lane of travel at the time of the collision.  Officer Harmon testified that he had no prior warning and did not have any time to take evasive action.  Richard Bouchard had time only to put his hand up in front of his son in an effort to protect him during the crash.  As part of this court's findings in the prior action of Levesque v. United States, 366 F.Supp.2d 89 (D.Me. 2005), the court found that "Bouchard did not have time to take any evasive action." Id. at 91.  In its decision on the previously filed summary judgment motion, this Court affirmed the finding that "[a]lthough the issue of Bouchard's comparative negligence was not a proper subject of the earlier litigation, the United States had every opportunity to examine Bouchard with respect to his operation of his vehicle and did so at trial." (Rec. Dec. at 1, Docket No. 18.)

## Discussion

As the moving party Bouchard must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). I must view the record in the light most favorable to the Government and give it the benefit of all reasonable inferences in its favor. Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).  Once Bouchard has made a preliminary showing that no genuine issue of material fact exists, the Government must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue." Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir.1999) (citation and internal punctuation omitted).  See

also Fed.R.Civ.P. 56(e).  "As to any essential factual element of its claim on which [the Government] would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party."  In re Spigel, 260 F.3d 27, 31 (1st Cir.2001) (citation and internal punctuation omitted).

Bouchard seeks summary judgment on the affirmative defense of comparative negligence asserted by the United States.  The defendant bears the burden of proving its affirmative defenses.  Nightingale v. Leach, 842 A.2d 1277, 1279 (Me. 2004).  Bouchard has put forth record evidence to meet his preliminary burden of demonstrating that no genuine issue of material fact exists.  Thus, it is the Government's burden to come forward with sufficient evidence to generate a trialworthy issue.  The Government concedes there is no trialworthy issue on the limited issue of the affirmative defense. (Gov't Response, Docket No. 33.)  I therefore recommend that the court grant the motion for partial summary judgment.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 29, 2006                               /s/ Margaret J. Kravchuk
                                                U.S. Magistrate Judge