UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RICHARD BOUCHARD,<br>      Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br>      Defendant. | )<br>)<br>)<br>)   Civil No. 05-187-B-W<br>)<br>)<br>) |

**ORDER ON DEFENDANT'S MOTION TO DEEM CERTAIN FACTS ADMITTED**

The Court concludes that the Plaintiff's medical, pharmacy, court and police records are properly the subject of the Defendant's Rule 36 requests for admissions and that the Plaintiff is under an obligation to make a "reasonable inquiry" into whether the records are genuine, authentic, and complete. The Court, therefore, grants the Defendant's motion.

**I. STATEMENT OF FACTS**

On January 19, 2003, Richard Bouchard was driving north on Route 1 in Caribou, Maine, when Dennis Harmon, while working for the United States Border Patrol, lost control of his vehicle, skidded into Mr. Bouchard's lane, and struck his vehicle. Mr. Bouchard sustained personal injuries and has filed suit against the United States for damages. The United States has admitted liability and the sole remaining issue is the extent of damages.[1] The case is currently scheduled for a bench trial on April 17, 2007.[2]

---

[1] On March 21, 2006, the Court affirmed Magistrate Judge Kravchuk's Recommended Decision and granted Mr. Bouchard's motion for summary judgment as to whether the United States was negligent. *Recommended Decision on Mot. for Summ. J.* (Docket # 18); *Order Affirming the Recommended Decision of the Magistrate Judge* (Docket # 19). On December 20, 2006, the Court affirmed Magistrate Judge Kravchuk's Recommended Decision and granted Mr. Bouchard's motion for summary judgment with respect to the United States' affirmative defenses of comparative fault and contributory negligence. *Recommended Decision* (Docket # 35); *Order Accepting the Recommended Decision of the Magistrate Judge* (Docket # 36).

[2] Mr. Bouchard originally demanded trial by jury. *Compl.* (Docket # 1). However, on January 20, 2006, he withdrew his jury demand, recognizing that a jury trial is not available under the Federal Tort Claims Act. *Letter from Attorney Gideon to William Brownell* (Docket # 10).

On February 9, 2007, the United States filed a motion to deem certain facts admitted. *Def.'s Mot. to Deem Certain Facts Admitted* (Docket # 43) (*Def.'s Mot.*). The facts sought to be admitted include (1) medical treatment records; (2) pharmacy prescription profiles; (3) Protection from Abuse records from the Caribou Police Department; (4) Caribou Police Department records of a December 2005 arrest; and, (5) Mr. Bouchard's criminal history. *Id*. at 2-3. To be more precise, the United States seeks to have the authenticity of each document admitted and to resolve any hearsay objections regarding the various documents. *Id.* at 1.

The United States' motion follows a Rule 36 Request for Admission propounded on September 19, 2006, during the discovery period, requesting that Mr. Bouchard admit that the records were "true and correct" copies and that they met the criteria for certain Rule 803 exceptions to the general prohibition against hearsay. *Def.'s Mot.*; *Requests for Admission* Attach. 1 (Docket # 43). Mr. Bouchard objected to each request for admission, stating that the "information known to Plaintiff is insufficient to enable Plaintiff to admit or deny" and raising questions as to the authenticity of the records, the manner in which they had been created or retained as records of regularly conducted business activities under Federal Rule of Evidence 803(6), and whether the public records met the criteria for admission under Federal Rule of Evidence 803(8). *Def.'s Mot.*, *Pl.'s Resp. to Def.'s Request for Admission* Attach. 7 (Docket # 43) The United States, in effect, seeks an order overruling Mr. Bouchard's objections to the requests for admissions, laying the evidentiary basis for admission of the records at trial.

Mr. Bouchard objects to the United States' motion. *Pl.'s Opp'n to Def.'s Mot. to Deem Certain Facts Admitted* (Docket # 46) (*Pl.'s Opp'n*). First, he claims that the motion is untimely, because it was filed months after the discovery deadline had lapsed and the United States earlier failed to move under Federal Rule of Civil Procedure 36 to "determine the sufficiency of the

2

answers or objections" provided by Mr. Bouchard in his response to the United States' requests for admissions. *Id.* at 4 (quoting Fed. R. Civ. P. 36). Next, he observes that the Scheduling Order originally imposed a July 31, 2006 deadline for the identification and production of Local Rule 44 records, but later extended the deadline to October 27, 2006. *Scheduling Order* (Docket # 17); *Order Granting Mot. to Extend Time* (Docket # 27). Local Rule 44 provides:

> A party offering into evidence official records under F.R.Civ.P. 44, public documents under F.R.E. 902(1) – (3), or certified records under F.R.E. 902(4) or (11) – (12) shall identify and produce such records as required by the scheduling order or other order of the Court. Objection to the authenticity of such records shall be filed with the court within 10 days of identification. All other objections shall be made as provided in the pretrial order. If the discovery period has passed, the Court may on motion permit additional discovery, limited to the issue of the authenticity of records to which objection has been taken.

Local Rule 44. Mr. Bouchard argues that Local Rule 44 together with Federal Rules of Evidence 902(11) and 803(6) "permit a party to admit certified copies of medical records, so long as the party provides advance written notice to the opposing party." *Pl.'s Opp'n* at 5-6. He contends that the "rules would be meaningless, if a party could simply bypass the process altogether by forcing the opposing party to attest to the authenticity of the records using requests for admission." *Id.* at 6.

He states that, in objecting to the Requests for Admissions, he was presented with "several hundred pages of documents, including medical records, pharmacy records and docket sheets, and investigative reports and witness statements from completely unrelated criminal and family-law matters." *Id.* at 3. He goes on to say that he has "no knowledge as how these documents were gathered, what information was requested, whether such information is complete or redacted or anything else about the documents or the methods by which they were obtained." *Id.*

3

## II. DISCUSSION

Federal Rule of Civil Procedure 36 provides in part:

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or the application of law to fact, *including the genuineness of any documents described in the request.* Copies of documents shall be served with the request unless they have been or are otherwise furnished or made available for inspection and copying.

Fed. R. Civ. P. 36 (emphasis supplied). The Rule further provides that an answering party "may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny." *Id.* The purpose of Rule 36 is "expediting the trial and to relieve the parties of the burdens of expense of proving at trial facts which are undisputed." *Kershner v. Beloit Corp.*, 106 F.R.D. 498, 499 (D. Me. 1985).

The Court firmly rejects Mr. Bouchard's argument that the United States' motion is untimely. First, the United States raised the issue at the Final Pretrial Conference on February 7, 2007, and the Magistrate Judge expressly gave the United States permission to file a motion to deem certain facts admitted by February 9, 2007, which it did. *Report of Final Pretrial Conference and Order* (Docket # 42). The United States' motion was, therefore, in compliance with the timing provided in the Magistrate Judge's Order. Second, the United States filed its requests for admissions on September 19, 2006, and Mr. Bouchard responded on October 16, 2006, eleven days before discovery expired. Any motion to compel further responses would necessarily have been resolved after the discovery deadline had lapsed. It was not unreasonable, therefore, for the United States to present the issue at the Final Pretrial Conference in early February 2007. Third, "[s]trictly speaking Rule 36 is not a discovery procedure at all . . . ." 8

CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2253 (2007) (WRIGHT ET AL.); *Pickens v. Equitable Life Assurance Soc'y*, 413 F. 2d 1390, 1393 (5th Cir. 1969) ("Rule 36 is not a discovery device, and its proper use is as a means of avoiding the necessity of proving issues which the requesting party will doubtless be able to prove."). There is authority in this district that the United States could have filed a request for admission even after the close of discovery, so long as there is no demonstrable prejudice from its doing so. *Compare Kershner*, 106 F.R.D. at 499-500 (requiring a response to requests for admission filed after the expiration of the discovery deadline), *with Central Maine Power Co. v. Foster Wheeler Corp.*, 115 F.R.D. 294, 295 (D. Me. 1987) (finding that the more complicated nature of the requested admissions would cause prejudice if a response were required). Here, Mr. Bouchard has made no showing that he would suffer prejudice by being required to respond to the requested admissions. The Court concludes that "the request is highly likely to save the parties time and expense and to benefit the Court by avoidance of unduly prolonging the trial for no significant purpose." *Kershner*, 106 F.R.D. at 499.

Moreover, Mr. Bouchard's reliance on the supposed preclusive effect of Local Rule 44 is misplaced. Local Rule 44 provides a means by which a party may identify and object to either official records, under Federal Rule of Evidence 902 (1) - (3), or certified records, under Federal Rule of Evidence 902(4) or (11) - (12). But Local Rule 44 is not exclusive: simply because a party may seek an admission as to the authenticity of records under Local Rule 44 does not mean that the party is prevented from using Federal Rule of Civil Procedure 36 to the same effect. Further, even if the United States could have used Local Rule 44 for the public documents not under seal, under Federal Rule of Evidence 902(2), it could not have used Local Rule 44 for the

non-certified medical and business records. The Court overrules Mr. Bouchard's objections based on Local Rule 44.

The crux of the dispute is the extent to which a party responding to a request for admission must undertake an investigation as to the accuracy and genuineness of the documents. Rule 36 requires "that the respondent make 'reasonable inquiry' into the subject matter of the requests." *Veranda Beach Club Ltd. P'ship v. Western Sur. Co.*, 936 F.2d 1364, 1374 (1st Cir. 1991); *see also* WRIGHT ET AL. § 2261. Before 1970, there was a split of authority as to whether, if a respondent did not have actual knowledge, he was required to "inform himself in reasonable fashion." Fed. R. Civ. P. 36 advisory committee's note. The Committee adopted the majority view in keeping with the "basic principle of the discovery rules that a reasonable burden may be imposed on the parties when its discharge will facilitate preparation for trial and ease the trial process." *Id.* The obligation to undertake a reasonable inquiry requires the respondent to make "a reasonable inquiry, a reasonable effort, to secure information that is readily obtainable from persons and documents within the responding party's relative control." *Henry v. Champlain Enters.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003). A respondent is required "to ascertain the truth if the ability to do so is 'reasonably within his power.'" *Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.*, 812 F. Supp. 966, 987 (D. Neb. 1993) (quoting WRIGHT ET AL. § 2261), *vacated and remanded on other grounds*, 19 F.3d 431 (8th Cir. 1994). If the accuracy of the documents subject to a Rule 36 request can be determined "from reliable sources without imposing undue hardship," the respondent is obligated to respond. *E.H. Tate Co. v. Jiffy Enters., Inc.*, 16 F.R.D. 571, 574 (E.D. Pa. 1954). Medical records and pharmacy records are typically considered to be within the respondent's relative control. *Id.*; *Dobos v. Ingersoll*, 9 P.3d 1020, 1028 (Alaska 2000). A respondent's criminal history and any public records pertinent to the respondent are

also within his relative control. *See Hulsey v. State*, 929 F.2d 168 (5th Cir. 1991) (concluding that a party's failure to respond to a Rule 36 request to admit that he had been arrested for a violation of the conditions of his parole constituted an admission).

Here, each document subject to the Rule 36 request is within Mr. Bouchard's relative control. Without exception, the documents reflect events in Mr. Bouchard's life: his medical treatment, his purchase of prescriptive medications, his involvements with the local police, and his criminal record.[3] Mr. Bouchard either has personal knowledge of the events documented in these records or he has the legal authority to obtain confirmation as to their authenticity, genuineness, and completeness. Accordingly, Mr. Bouchard is required "to ascertain the truth" since "the ability to do so is 'reasonably within his power.'" *Johnson Int'l Co.*, 812 F. Supp. at 987.

Mr. Bouchard's underlying concern may be that, by admitting the authenticity of the documents and agreeing that the United States need not produce a foundational witness for each document at trial, the documents would thereby be admissible at trial. This is incorrect. The United States' requests merely ask him to admit that the documents are authentic and that they are admissible under exceptions to the rule against hearsay. Whether the documents are otherwise admissible remains an issue to be resolved at trial. *See Goldman v. Mooney*, 24 F.R.D. 279 (W.D. Pa. 1959).

---

[3] On March 1, 2007, Mr. Bouchard moved to strike portions of the United States' trial brief, objecting to its reference in the body of the brief to information contained in the documents that are the subject of this Order. *Pl.'s Mot. to Strike Portions of the Gov't Trial Br. Which Rely Upon Inadmissible Evidence* (Docket # 56). As this Order grants the United States' motion, the primary basis for Mr. Bouchard's objection is eclipsed by this ruling. The Plaintiff also objects, however, to the United States' reference to disputed evidence. This is the second time the Plaintiff has made this type of objection. In responding to the United States' motion to deem certain facts admitted, Mr. Bouchard objected to the Court reviewing the documents attached to the motion. *Pl.'s Opp'n* at 4 n.1. Mr. Bouchard need not be concerned. To reassure Mr. Bouchard of the obvious, the Court has no intention of considering, in its final decision, any evidence that it rules inadmissible or any arguments based on inadmissible evidence. The Court DENIES the Plaintiff's Motion to Strike Portions of the Government's Trial Brief Which Rely Upon Inadmissible Evidence (Docket # 56).

## III.  CONCLUSION

The Court GRANTS the United States' Motion to Deem Certain Facts Admitted (Docket # 43).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2007